## Grubb *against* Foltz.

In *indebitatus assumpsit* as well as in an action on a bond or special contract, the defendant can only take advantage of a nonjoinder of another who is jointly liable with him, by a plea in abatement.

ERROR to the District Court for the city and county of *Lancaster*.

This was an action of *assumpsit* brought by John Foltz against Edward B. Grubb and Clement B. Grubb, under the firm of E. & C. B. Grubb, to recover the amount of an account charged in his book against them, and also as appeared on the face of the book, against one Snyder, jointly, for meat sold and delivered at various times during the year 1839. The declaration was in *indebitatus assumpsit*, for goods, wares, and merchandises, sold and delivered by the plaintiff to Edward B. & Clement B. Grubb, with the following note at the bottom of it: " Plaintiff's claim is a balance due him on book account of $141.32, with interest from October 14th, 1839." The defendants pleaded *non assumpsit*, upon which issue was taken by the plaintiff. On the trial the plaintiff produced his book of original entries, which he established by his oath, as also the account in it, charged in the manner already mentioned for meat sold and delivered at a boarding-house kept by Snyder at the iron-works of the defendants, which they carried on and worked during the time that the meat charged was delivered. The defendants then, in support of their plea, gave some evidence for the purpose of showing that although Snyder was employed by them to keep the boarding-house, yet he was to do it at his own expense, and to be reimbursed or compensated for doing so, by obtaining pay for boarding from the persons respectively whom he boarded, or from those at whose instance he furnished the boarding for them. To repel the effect of this evidence, the plaintiff gave evidence tending to show that the defendants were to furnish the meat and flour necessary to be used in keeping the boarding-house. Upon this evidence the cause went to the jury under the charge of the court, in which they were requested to charge " that the book account, produced as evidence, on which the suit was founded and supported, was against Grubb and Snyder; and the suit being brought, and the narr. filed against the Grubbs alone, the evidence therefore entirely failed to sustain the action." The court seemed to think that it did not appear from the heading of the account, as the defendants contended it did, that the meat was charged as having been sold to the defendants

[Grubb v. Foltz.]

and Snyder; but told the jury, even if the fact were so, that the defendants could only take advantage of it by a plea in abatement. In this direction it was alleged that the court erred. This was the only matter assigned for error.

*Parke,* for the plaintiffs in error, admitted the general rule laid down in 1 *Chitt.* 29, and 1 *Saund.* 221, that the non-joinder of one who is jointly liable with the defendant can only be taken advantage of by a plea in abatement; but contended that the rule did not extend to actions of *indebitatus assumpsit,* unless the plaintiff furnished the defendant a copy of his account against him. *Jordan* v. *Wilkins,* (3 *Wash. C. C. R.* 110.)

*Stevens, contra,* contended that the non-joinder should have been pleaded in abatement.

The opinion of the Court was delivered by

KENNEDY, J., (after stating the case).—To show that the court erred, the opinion of the late Mr Justice Washington, as expressed in *Jordan* v. *Wilkins,* (3 *Wash. C. C. Rep.* 112), has been cited and relied on. He admits the general rule to be, that the defendant cannot, unless he plead the same in abatement, turn the plaintiff round to another action, by proving that another is jointly bound with him to satisfy the plaintiff's claim. And that this principle applies in every case where the plaintiff gives notice to the defendant of the nature of his demand, so as to put it in his power to plead in abatement, as in actions on bonds, or special actions on the case. But in actions of general *indebitatus assumpsit,* which was the case before him, he says, " how is it possible for the defendant to know whether the plaintiff means, at the trial, to give evidence of a joint or several debt, or of both; and, in this state of ignorance, how can he plead in abatement? Upon the face of the declaration, the claim is for a debt due from the defendant alone; and to permit the plaintiff to give evidence of a debt due from him and another, would be subversive of the rule which declares that he shall not be made responsible singly, unless he has waived the privilege, which the law allows him, of pleading in abatement." Judge Peters, however, who sat with Judge Washington on the trial of the cause, entertained a different opinion, and was in favour of admitting the evidence tending to prove a joint claim against the defendant and another person not named in the action. Neither can we yield our assent to the opinion of Judge Washington, that the action of *indebitatus assumpsit* either is or ought to be considered as forming an exception to the general rule, which requires a defendant, who is sued alone for a claim founded upon a contract for which he is jointly liable with another, to plead it in abatement, if he means to avail himself of the objection that such other has not been joined in the writ as a co-de-

[Grubb v. Foltz.]

fendant with him. The ground upon which that learned judge seems to think that the action of *indebitatus assumpsit* is or ought to be an exception, is not sufficient; for it need not exist, unless the defendant wishes to have it so; because he has it in his power before he can be called on and forced to plead to the action, to demand of and have from the plaintiff in it a specification of his claim, which will enable him to determine whether another be jointly liable with him or not for the payment of it, just as well as if the action were founded on a bond or a special contract. It may therefore be said with truth, that if he be ignorant of the nature of the plaintiff's claim, when he pleads to it, his ignorance does not arise so much from the nature of the action or declaration filed by the plaintiff in it, as from his own neglect or determination not to be informed with respect to it. The judgment is therefore affirmed.

Judgment affirmed.